**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* issued to non-party OAK HILL ADVISORS, L.P. | Civil Action No. 7:23-MC-375<br><br>Underlying Civil Action:<br>*Lee v. Golaszewski, et al.*,<br>No. 3:23-CV-400-OAW (D. Conn.) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS AND COMMUNICATIONS RESPONSIVE TO THE SUBPOENA *DUCES TECUM* ISSUED TO NON-PARTY OAK HILL ADVISORS, L.P.**

YANKWITT LLP
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Counsel for Defendants*
*in Underlying Civil Action*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

I.   FACTUAL BACKGROUND ...................................................................................... 3

II.  PROCEDURAL BACKGROUND .............................................................................. 3

III. LEGAL STANDARD. ................................................................................................. 6

IV.  ARGUMENT. .............................................................................................................. 8

    A.  The Documents and Communications Sought by Defendants Are Relevant to the Underlying Litigation ...................................................................................... 9

    B.  Production of the Documents and Communications Sought Is Neither Overbroad nor Unduly Burdensome ................................................................................... 10

CONCLUSION ................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**                                                                  **Page(s)**

*A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*,
   2013 WL 6044333 (D. Conn. Nov. 14, 2013) ............................................................. 10

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co.*,
   262 F.R.D. 293 (S.D.N.Y. 2009) ............................................................................... 10

*Bamonte v. Charatan*
   2023 WL 4201416 (S.D.N.Y. Jun. 27, 2023) .............................................................. 7

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*,
   2007 WL 4410405 (S.D.N.Y. Dec. 17, 2007) ..................................................... 7, 8, 10

*Bulkmatic Transp. Co. v. Pappas*,
   2001 WL 504839 (S.D.N.Y. May 11, 2001) ................................................................ 8

*Citizens Union of City of N.Y. v. A.G. of N.Y.*,
   269 F. Supp. 3d 124 (S.D.N.Y. 2017) .......................................................................... 7

*Gilani v. Hewlett Packard Co.*,
   2017 WL 4236564 (S.D.N.Y. Sept. 22, 2017) .............................................................. 6

*In re Fitch, Inc.*,
   330 F.3d 104 (2d Cir. 2003) ........................................................................................ 7

*In re Namenda Direct Purchaser Antitrust Litig.*,
   2017 WL 4700367 (S.D.N.Y. Oct. 19, 2017) ............................................................. 10

*Jones v. Hirschfeld*,
   219 F.R.D. 71 (S.D.N.Y. 2003) ................................................................................... 7

*Mackey v. IDT Energy, Inc.*,
   19-MC-29 2019 WL 2004280 (S.D.N.Y. May 7, 2019) ............................................... 7

*MacNamara v. City of N.Y.*,
   2006 WL 3298911 (S.D.N.Y., Nov. 13, 2006) ........................................................... 10

*U.S. v. Sanders*,
   211 F.3d 711 (2d Cir. 2000) ........................................................................................ 7

**Rules**

Fed. R. Civ. P. 26(b)(1) ................................................................................................. 6, 7

Fed. R. Civ. P. 26(b)(2)(C)(iii) .................................................................................................. 10

Fed. R. Civ. P. 45(d)(1)............................................................................................................... 10

Defendants Stephen Swentzel and Richard Golaszewski (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to compel (the "Motion") nonparty Oak Hill Advisors, L.P. ("OHA") to produce documents responsive to the subpoena *duces tecum* issued by Defendants on June 14, 2023, Ex. A, June 14, 2023 Subpoena, ("Subpoena"),[1] in connection with a litigation pending in the District of Connecticut captioned *Lee v. Golaszewski,* et al., No. 23-cv-0400-OAW (the "Litigation"), and as modified by this Court's order dated on August 10, 2023 (the "Order").[2]

## PRELIMINARY STATEMENT

Plaintiff has a track record of poor performance, failure, and inappropriate behavior. He desperately wanted a job at Hunter Point Capital ("Hunter Point"). Recognizing that he could never get the position on his own merits, he convinced Defendants, his then-co-workers, to meet with him and Hunter Point to discuss potential employment opportunities. After Hunter Point hired Defendants, but not Plaintiff, Plaintiff concocted a story that he and Defendants had entered into a partnership, which Defendants allegedly breached when Hunter Point hired them but not Plaintiff. At issue in the Litigation is whether Plaintiff's manufactured partnership ever existed, which it did not. Defendants issued the Subpoena to OHA, Plaintiff's current employer, because, *inter alia*, Plaintiff's representations made to OHA, if any, concerning his concocted partnership with Defendants and OHA's understanding with respect to Plaintiff's concocted partnership with Defendants are directly relevant to the claims and defenses asserted in the Litigation.

Over the past few months, since Defendants served the Subpoena on OHA, Defendants have exchanged multiple emails and have engaged in a meet and confer with OHA, in a good faith

---

[1] Exhibits referenced herein are attached to the Declaration of Michael H. Reed, filed contemporaneously herewith.

[2] In the Order, the Honorable Philip M. Halpern granted Plaintiff's motion to quash Request No. 8 of the Subpoena. Accordingly, this motion does not seek to compel the production of any documents responsive to that request.

1

effort to resolve OHA's objections and reach agreement with respect to OHA's compliance with the Subpoena without the need for Court intervention. To date, however, OHA has refused to produce a single document in response to the Subpoena, which it received nearly four (4) months ago. Accordingly, Defendants respectfully request that the Court intervene and order that OHA produce, within ten (10) days, documents responsive to Request Nos. 1-7 and 9-11 of the Subpoena.

As set forth in more detail below, the Subpoena requests documents and communications highly relevant to the allegations, claims, and defenses asserted in the Litigation, including, *inter alia*, (1) the alleged existence or contemplation of a partnership, joint venture, or other business involving Plaintiff and Defendants, and (2) OHA's hiring of Plaintiff and representations Plaintiff made to OHA in connection with such hiring, regarding the alleged existence or contemplation of a partnership, joint venture, or other business involving Plaintiff and Defendants. Indeed, and importantly, neither OHA nor Plaintiff has objected or moved to quash the Subpoena, as modified, on relevance grounds.

Moreover, as explained below, OHA cannot seriously contend that producing these documents and communications is unduly burdensome because: (1) Defendants' Subpoena is narrowly tailored; (2) Defendants agreed to narrow the scope of the Subpoena to encompass only the time period from January 1, 2022 to the present; (3) OHA has made no showing that compliance with the Subpoena is unduly burdensome to it; (4) OHA has not moved to quash any part of the Subpoena, and Plaintiff moved to quash only Request No. 8; and (5) OHA is a leading alternative investment firm with billions of dollars under management, and is not lacking in resources or knowledge.

Defendants therefore respectfully request that this Court grant Defendants' motion to compel and order OHA to comply with the Subpoena, as modified, within ten (10) days.

### I. FACTUAL BACKGROUND

Plaintiff formerly worked with Defendants at 17Capital, a private equity investment firm. Recognizing that his future at the company was uncertain, Plaintiff hatched an exit plan whereby he would ride Defendants' coattails—since each of them was a far more desirable job candidate than he was—to secure employment that Plaintiff could not get on his own. Consistent with that objective, Plaintiff asked Defendants to join him at meetings with potential employers. Defendants attended some of these meetings but told Plaintiff he was not permitted to use their names or arrange meetings with prospective employers on their behalf. At no point did Defendants ever agree to enter a partnership with Plaintiff. Had Plaintiff proposed such a partnership, Defendants would have refused, and had Plaintiff presented Defendants with a partnership agreement—which he never did—they would not have signed it. Indeed, it made no sense for Defendants to restrict their own employment prospects by partnering with Plaintiff.

On or about April 22, 2022, Plaintiff was fired from 17Capital because of poor performance, disruptions to the firm's culture (including by not being a team player), complaints from a female associate and administrative staff about Plaintiff's inappropriate and rude behavior, and Plaintiff's refusal to participate in his annual performance review. In May 2022, Hunter Point Capital agreed in principle to hire Defendants. On October 3, 2022, OHA, which has offices in New York City, agreed to hire Plaintiff.

### II. PROCEDURAL BACKGROUND

On March 10, 2023, Plaintiff filed suit against Defendants in the Superior Court of Connecticut, asserting claims for breach of partnership, breach of joint venture agreement, and

breach of fiduciary duty. On March 31, 2023, Defendants removed the case to the United States District Court for the District of Connecticut. The case is assigned to the Honorable Omar A. Williams.[3]

On June 14, 2023, Defendants served the Subpoena on OHA. *See* Ex. A. The Subpoena seeks documents and communications, including, *inter alia*, all documents concerning "Project Buffalo Point," "Project Candle," or "Project Fremen"[4] (Request No. 1); all documents and communications by, to, or from Plaintiff concerning "Project Buffalo Point," "Project Candle," or "Project Fremen" (Request No. 2); all documents and communications concerning Plaintiff during the period before Plaintiff was hired by OHA (Request No. 3); all documents and communications concerning the hiring or recruitment of Plaintiff (Request No. 4); all agreements between Plaintiff and OHA (Request No. 5); all documents concerning Defendants (Request Nos. 6–7); all documents and communications by, to, and from Plaintiff concerning any existing or contemplated partnership, joint venture, or other business (Request Nos. 9–10); and all documents and communications concerning the Litigation (Request No. 11).

On July 5, 2023, Plaintiff filed a motion to quash Subpoena Request No. 8, which sought all documents and communications concerning Plaintiff's performance at OHA, including but not limited to performance reviews and disciplinary notices. *See Lee v. Golaszewski,* et al., 7:23 MC 224(PMH) (S.D.N.Y.), ECF No. 1. On August 10, 2023, this Court granted Plaintiff's motion to quash Subpoena Request No. 8, which sought all documents and communications concerning

---

[3] Defendants filed a motion to dismiss, or in the alternative, transfer to the Southern District of New York. The motion is fully briefed and remains under consideration by Judge Williams.

[4] Plaintiff referred to his alleged partnership with Defendants as "Project Buffalo Point," "Project Candle," and "Project Fremen."

4

Plaintiff's performance at OHA, including but not limited to, performance reviews and disciplinary notices.  *See Lee v. Golaszewski, et al.*, 7:23-MC-224(PMH) (S.D.N.Y.), ECF No. 12.

On July 18, 2023, OHA served its responses and objections to the Subpoena.  *See* Ex. B, July 18, 2023 Responses and Objections of Nonparty OHA to Defendants' Subpoena ("Responses"). OHA objected on the grounds that the requests were purportedly overly broad and unduly burdensome, and called for documents that Defendants allegedly have obtained, are in the process of obtaining, or could obtain from Plaintiff or other nonparties.  Notably, however, OHA did not object to any of Defendants' requests on relevancy grounds, nor did OHA file a motion to quash or modify the Subpoena.  Indeed, the only motion to quash any portion of the Subpoena was filed by Plaintiff.

Defendants have made multiple attempts to negotiate with OHA since it served its Responses.[5] On July 31, 2023, in advance of the meet and confer between counsel for Defendants and counsel for OHA, counsel for Defendants proposed a narrow list of custodians and search terms for the period between January 1, 2021, through the present.  The list of custodians included Plaintiff, a custodian from OHA Human Resources to be identified by OHC, Bill Bohnsack, Glenn August, Eric Muller, and Alan Schrager.  The list of search terms included "17Capital"; "Rich*"; "Steve OR Stephen"; "Project Candle"; "Buffalo Point"; "Fremen"; "Partner*"; "Hunter"; "HPC"; "HPS"; "Stone Point"; "Buffalo"; "Candle"; "Candlelit"; "Avi OR Kalichstein"; "Bennett OR Goodman"; "Arpey"; "lawsuit"; "performance"; "terminat!"; "fire"; "behavior"; "inappropriate"; "warning"; and "complaint." OHA did not object to any of these search terms.

---

[5] Counsel for Defendants exchanged emails with counsel for OHA on the following occasions: (1) June 29-30, 2023; (2) July 10, 2023; (3) July 17-18, 2023; (4) July 27, 2023; (5) July 31 – August 1, 2023; (6) August 7, 2023; (7) August 9-11, 2023; (8) August 28, 2023; (9) August 30, 2023; (10) September 6, 2023; (11) September 11, 2023; (12) September 18, 2023; and (13) September 21-22, 2023. Counsel for Defendants and counsel for OHA also conducted a telephonic meet-and-confer on August 11, 2023.

On August 11, 2023, after Judge Halpern entered a ruling granting the motion to quash as to Request No. 8, the undersigned proposed a revised list of search terms as to all document requests except for Request No. 3, which included the original search terms except for "performance"; "terminat!"; "fire"; "behavior"; and "inappropriate." As to Request No. 3, which deals with the period prior to Plaintiff's hiring by OHA, the undersigned proposed the following search terms: "performance"; "terminat!"; "fire"; "behavior"; and "inappropriate." The terms were modified in this way so as not to capture documents or communications related to Plaintiff's performance at OHA, consistent with the Order.

On August 28, 2023, having heard nothing from OHA in over two weeks, the undersigned informed OHA of Defendants' willingness, in the spirit of compromise, to limit the date range for all document requests to January 1, 2022 through the present. The undersigned also informed OHA that its response date would be extended, as a courtesy, to September 8, 2023.

On August 30, 2023, September 6, 2023, and September 11, 2023, the undersigned sent additional emails to counsel for OHA seeking information regarding its document production. To date, OHA has neither responded nor produced a single document in response to the Subpoena.

### III.   LEGAL STANDARD

Defendants are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In the context of nonparty discovery, "[r]elevance has been broadly interpreted to include any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Gilani v. Hewlett Packard Co.*, No. 15-CV-5609, 2017 WL 4236564, at *1 (S.D.N.Y. Sept. 22, 2017) (internal quotation marks omitted).

The issuing party "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Bridgeport Music, Inc. v. UMG Recordings, Inc.* No. 05-CV-6430, 2007 WL 4410405, at *3 (S.D.N.Y. Dec. 17, 2007) (internal quotation omitted). "The relevance standards set forth in Federal Rule of Civil Procedure 20(b)(1) apply to discovery sought from non-parties." *Mackey v. IDT Energy, Inc.*, No. 19-MC-29 (PAE), 2019 WL 2004280, at *3 (S.D.N.Y. May 7, 2019) (citing *Citizens Union of City of N.Y. v. A.G. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). Rule 26(b)(1) provides that

> [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"Whether a subpoena imposes upon a witness an undue burden depends upon such factors as relevance, the need of the party for the discovery, the breadth of the discovery request, the time period covered by it, the particularity with which the discovery is described and the burden imposed.'" *Bamonte v. Charatan*, No. 22-CV-795(KMK)(JCM), 2023 WL 4201416, at *2 (S.D.N.Y. Jun. 27, 2023) (cleaned up) (internal quotations and citations omitted). "The movant bears the burden of establishing undue burden." *Id.*

Motions to compel a subpoena response are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citing *U.S. v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). "The trial court has broad discretion to determine whether a subpoena imposes an undue burden." *Mackey*, 2019 WL 2004280, at *3 (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003)). Although courts give special consideration to the burden of nonparties when responding to subpoenas, discovery cannot be denied merely because there is *some* burden on the

nonparty. *See Bridgeport Music, Inc.*, 2007 WL 4410405, at *3 (granting motion to compel nonparty's compliance with subpoena because "the documents are relevant and the burden, while not insignificant, is not so great as to justify quashing the subpoena"); *see also Bulkmatic Transp. Co. v. Pappas*, No. 99-CV-12070, 2001 WL 504839, at *2 (S.D.N.Y. May 11, 2001) (granting motion to compel without consideration of burden raised by nonparty in light of its "continued non-compliance with [a] subpoena").

IV.    ARGUMENT

Defendants seek Court intervention to compel OHA's compliance with the Subpoena because OHA has failed to produce the documents and communications sought despite OHA's failure to object to the relevance of the information or move to quash, and Defendants' repeated inquiries and good faith efforts to narrow its scope to accommodate, in the spirit of compromise, OHA's unsubstantiated claims of burden.

Specifically, Defendants seek the following documents and communications responsive to Subpoena Request Nos. 1–7 and 9–11.[6]

1. All documents concerning "Project Buffalo Point," "Project Candle," or "Project Freman" for the period between January 1, 2022, and the present (Request No. 1);

2. All documents and communications by, to, or from Plaintiff concerning "Project Buffalo Point," "Project Candle," or "Project Fremen" for the period between January 1, 2022, and the present (Request No. 2);

3. All documents and communications concerning Plaintiff during the period before Plaintiff was hired by OHA for the period between January 1, 2022, and the present (Request No. 3);

4. All documents and communications concerning the hiring or recruitment of Plaintiff for the period between January 1, 2022, and the present (Request No. 4);

5. All agreements between Plaintiff and OHA for the period between January 1, 2022, and the present (Request No. 5);

---

[6] The documents and communications Defendants seek are a narrowly tailored subset of those initially sought in that they are limited in scope to the period between January 1, 2022, and the present.

8

6. All documents concerning Defendants for the period between January 1, 2022, and the present (Request Nos. 6 – 7);

7. All documents and communications by, to, and from Plaintiff concerning any existing or contemplated partnership, joint venture, or other business for the period between January 1, 2022, and the present (Request Nos. 9 – 10); and

8. All documents and communications concerning this lawsuit for the period between January 1, 2022, and the present (Request No. 11).

As explained below, the documents and communications sought are (1) relevant to the claims and defenses asserted in the Litigation, and (2) not overbroad or unduly burdensome to produce in that the documents and communications sought are described with particularity and are limited to a timeframe of less than two (2) years.

**A. The Documents and Communications Sought by Defendants Are Relevant to the Underlying Litigation.[7]**

One of the central questions in this case is whether Plaintiff and Defendants formed or contemplated a partnership, joint venture, or other business, which Plaintiff alleges and Defendants dispute. The documents and communications sought by Defendants are undoubtedly relevant and material to this action, as they pertain directly to the defenses Defendants may raise to counter Plaintiff's assertion that a partnership existed between Plaintiff and Defendants.

The documents and communications sought in the Subpoena are also relevant to Plaintiff's request for damages. It is Plaintiff's position that his imagined partnership with Defendants would have resulted in Plaintiff earnings tens of millions of dollars. Plaintiff's damages calculation appears to assume that Plaintiff would have afforded Defendants a considerable degree of value as their business partner. Evidence that there was no partnership between Plaintiff and Defendants would contradict Plaintiff's position and is therefore relevant to damages.

---

[7] OHA objected to the Subpoena on various grounds, including that its requests are overly broad and unduly burdensome; notably, however, OHA did not assert a relevancy objection to any of Defendants' requests.

9

**B. Production of the Documents and Communications Sought Is Neither Overbroad nor Unduly Burdensome.**

A party claiming that production of requested discovery is unduly burdensome must establish evidence of the burden. *See, e.g., Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (arguments of undue burden require the submission of an affidavit "describing the burden"); *Bridgeport Music, Inc.*, 2007 WL 4410405, at *1–2; *MacNamara v. City of N.Y.*, No. 04-CV-9612(KMK)(JCF), 2006 WL 3298911, at *15 (S.D.N.Y., Nov. 13, 2006); Fed. R. Civ. P. 26(b)(2)(C)(iii).  Although Rule 45 places an obligation on Defendants to take "*reasonable* steps to avoid imposing undue burden or expense on a person subject to the subpoena," "undue burden" arguments should be rejected where the nonparty subpoena target may be the only source of the information sought, and where that information is relevant to the central issues in the case. Fed. R. Civ. P. 45(d)(1) (emphasis added); *see In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-CV-7488, 2017 WL 4700367, at *3 (S.D.N.Y. Oct. 19, 2017) (finding nonparty's undue burden arguments unpersuasive and holding that "[w]hile the money and time that will be spent on the production is not trifling, it is small in comparison with the potential damages in this case"); *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 07-CV-929(WWE), 2013 WL 6044333, at *12 (D. Conn. Nov. 14, 2013) (rejecting subpoena target's undue burden arguments).  Here, OHA has not shown – and cannot show – that producing the documents and communications sought in the Subpoena would be unduly burdensome.

First, OHA is not lacking in resources, and it is the only source from which Defendants can obtain the documents and communications sought.  As a sophisticated investment management firm with $61 billion in assets under management and experienced legal counsel, OHA cannot reasonably claim that it would be an undue burden to comply with Defendants' Subpoena.

10

Second, the Subpoena is not overbroad because, although Defendants initially sought all documents and communications, Defendants subsequently proposed a narrow list of custodians and search terms for the period between January 1, 2021, through the present.  The list of custodians included Plaintiff, a custodian from OHA Human Resources to be identified by OHC, Bill Bohnsack, Glenn August, Eric Muller, and Alan Schrager.  The list of search terms included "17Capital"; "Rich*"; "Steve OR Stephen"; "Project Candle"; "Buffalo Point"; "Fremen"; "Partner*"; "Hunter"; "HPC"; "HPS"; "Stone Point"; "Buffalo"; "Candle"; "Candlelit"; "Avi OR Kalichstein"; "Bennett OR Goodman"; "Arpey"; "lawsuit"; "performance"; "terminat!"; "fire"; "behavior"; "inappropriate"; "warning"; and "complaint." OHA did not object to any of these search terms.  These search terms were limited further still after this Court granted Plaintiff's motion to quash Request No. 8.  In the proposed revised list of search terms, which applied to all document requests except for Request No. 3, Defendants removed the terms "performance"; "terminat!"; "fire"; "behavior"; and "inappropriate" so as not to capture documents or communications related to Plaintiff's performance at OHA, consistent with the Court's Order.[8]

Third, not only is the Subpoena itself narrowly tailored, but also Defendants agreed to *further* narrow the scope of the Subpoena to a limited timeframe of less than two (2) years, in a good faith effort to avoid motion practice and render the production of documents more manageable for OHA.  OHA has offered no reason why compliance with the narrowly tailored Subpoena would be overly burdensome.

In sum, OHA is a likely source of relevant and responsive documents and communications, the production of which does not impose an undue burden.  This Court should order OHA to

---

[8] As to Request No. 3 concerning the period prior to Plaintiff's hiring by OHA, Defendants proposed the following search terms: "performance"; "terminat!"; "fire"; "behavior"; and "inappropriate."

comply with its discovery obligations and promptly produce the documents and communications sought in the Subpoena, as modified.

## V.     CONCLUSION

For the reasons stated herein, Defendants respectfully move the Court to compel OHA to comply with the narrowed Subpoena requests, as outlined herein.

Dated:  White Plains, New York
       October 11, 2023

YANKWITT LLP

By: ___/s/ Michael H. Reed___
Russell M. Yankwitt
Michael H. Reed
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
Fax: (914) 487-5000
*Attorneys for Defendants in Underlying Civil Action*